# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOS BEACHES, LLC and MELINDA M. RAYTER,<br><br>                                      Plaintiff,<br><br>     vs.<br><br>MAIL BOXES ETC., INC. and UNITED PARCEL SERVICE, INC.,<br><br>                                      Defendant. | CASE NO. 09CV2401-LAB (RBB)<br><br>**ORDER ON DEFENDANT'S MOTION TO DISMISS** |

     Pending before the Court is Mail Boxes Etc.'s motion to dismiss Dos Beaches' complaint. Plaintiff Dos Beaches is the Limited Liability Company of Melinda Rayter. Through Dos Beaches, Rayter operates a Mail Boxes Etc. franchise called The UPS Store in Indiana. The theme of the complaint is that Mail Boxes Etc., through successive Area Franchise Managers (Ted and Kate Von Eiff, Susan Scott, and Andrew Tian) and some peripheral actors (a real estate broker named Scott Courtney, a building contractor named Scott Ridgeway, a competitor named Max Molinaro, and another real estate broker named Ron Mannon) made it very difficult for Dos Beaches to operate a successful UPS Store franchise. Central to Dos Beaches' claims is a Franchise Agreement entered into by the parties in September 2004.

     The motion to dismiss appears to rely on both Rule 8 and Rule 12 of the Federal Rules of Civil Procedure. The Court finds that the complaint lacks "a short and plain

statement of the claim showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(1), and ought to be dismissed on this ground alone — without prejudice and with leave to amend.

The Court understands that this result might frustrate both parties, given the amount of time the motion has been under submission. The Court has invested a considerable amount of time in the pleadings of this case, however, and believes it would be hazardous to attempt to adjudicate Dos Beaches' claims on the merits when the factual bases of those claims are so bloated.

The problem with Dos Beaches' complaint ought to be plain to any reader. At 30 pages and over 300 paragraphs, it reads as a running commentary of grievances rather than a thoughtful account of what precisely the Defendants did that entitles Dos Beaches to legal relief. The main cause of action for breach of contract only exacerbates this problem. Not only does it allege new facts that don't appear in the body of the complaint, it contains, on the Court's count, *twelve* distinct grievances, only some of which have an alleged basis in contracts entered into by the parties:

1) A statement of "Risk Factors" signed by Dos Beaches recommends that a franchisee retain its own attorney and real estate broker to negotiate a commercial lease, but Mail Boxes Etc. prevented Dos Beaches from doing so. (Compl. ¶¶ 178–82.)

2) The Franchise Agreement allows Dos Beaches the use of the UPS trademark, but a real estate agent for the Defendants neglected to secure that right in a commercial lease he negotiated on Dos Beaches' behalf with its landlord. (Compl. ¶¶ 182–200.)

3) The Franchise Agreement obligates Mail Boxes Etc. to provide a "Center Design," but this "was not properly done." (Compl. ¶¶ 201–02.)

4) The Franchise Agreement obligates Mail Boxes Etc. to provide "Center Development Coordination," but this "was not done properly." (Compl. ¶ 203.)

5) The Franchise Agreement provides that Dos Beaches can employ its own architects and general contractors, but Mail Boxes Etc. didn't allow Dos Beaches to do so. (Compl. ¶¶ 204–05.)

6) The "Risk Factors" statement provides the same, but Dos

|   |   |   |
|---|---|---|
|   |   | Beaches was forced to work with Scott Ridgeway, with whom it had an adversarial relationship and whose work it found unsatisfactory. (Compl. ¶¶ 206–224.) |
|   | 7) | Dos Beaches paid for a Grand Opening that was supposed to be coordinated by the Area Franchise Manager. (Compl. ¶¶ 238–39.) |
|   | 8) | Mail Boxes Etc. didn't supply Dos Beaches with marketing materials to which it was entitled. (Compl. ¶¶ 240–41.) |
|   | 9) | Even though Dos Beaches relied upon an area south of its store for customers, Mail Boxes Etc. allowed a competing franchisee to relocate there, and to a specific location previously denied to Dos Beaches. (Compl. ¶¶ 243–47.) |
|   | 10) | Mail Boxes Etc. disclosed to that competing franchisee confidential Dos Beaches business and financial information. (Compl. ¶ 248.) |
|   | 11) | Mail Boxes Etc. withheld from Dos Beaches "the availability of alternate Defendants [sic] contractors." (Compl. ¶¶ 250–52.) |
|   | 12) | Mail Boxes Etc. thwarted Dos Beaches' recent attempt to relocate prior to Rayter's military deployment. (Compl. ¶¶ 253–58.) |

As pled, the cause of action for breach of contract reads as a continuance of the statement of facts in Dos Beaches' complaint. It is a running commentary of the many ways in which Dos Beaches believes it was harmed by Mail Boxes Etc. The problem, of course, is that not every indignity or instance of unfair treatment gives rise to a legal claim, and the complaint offers little guidance to Mail Boxes Etc. (and the Court) as to what the specific basis of its legal claims are — distinguishable from a host of other alleged offenses for which Dos Beaches may have a legitimate grip but no legal recourse.

Neither Mail Boxes Etc. nor the Court should have to cull through Dos Beaches' complaint and attach factual allegations to legal claims. The complaint should come pre-assembled, stating as succinctly as possible the facts giving rise to the claims and then the claims themselves, with reference back to the essential underlying facts. Frankly, the complaint appears to be the product of Dos Beaches' counsel simply downloading into a pleading form notes from client interviews, taking little time to condense, polish, and

strategically arrange them.  It is imperative that Dos Beaches do more than paint a sinister picture of Mail Boxes Etc. and its various alleged agents; it is imperative that Dos Beaches offer a short and succinct statement of the facts *relevant* to her claims, followed by a short and succinct statement of those claims themselves.

The bright side to all of this is that the Court will allow Dos Beaches to amend its complaint, rather than proceed with a substantive analysis of its complaint under Rule 12 of the Federal Rules of Civil Procedure.  Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15. "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).  *See also Foman v. Davis*, 371 U.S. 178, 182 (1962) (implying leave to amend should be granted in the absence of undue delay, bad faith or dilatory motive, or undue prejudice to the opposing party or futility of amendment).  **Dos Beaches may therefore file a first amended complaint no more than 21 days from the date this order is entered.**

**IT IS SO ORDERED**.

DATED:  July 29, 2010

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge